UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

DOMINIQUE HUNTER,

    Plaintiff,

v.

CHILD PROTECTIVE SERVICES OF
NIAGARA COUNTY, et al.,

    Defendants.

20-CV-18
DECISION AND ORDER

On January 6, 2020, the *pro se* plaintiff, Dominique Hunter, filed a complaint asserting claims under 42 U.S.C. §§ 1983 and 1985 on behalf of herself and her minor son, C.W. Docket Item 1. She also paid the $400 filing and administrative fees and asked this Court to order the United States Marshals Service ("Marshals") to effect service on the named defendants under Rule 4(c)(3) of the Federal Rules of Civil Procedure. Docket Item 2.

On January 10, 2020, this Court ordered that Hunter: redact C.W.'s name and date of birth from the complaint; request that Exhibit "E," attached to the complaint, be filed under seal; and either remove C.W. as a party to this action or obtain counsel to represent him. Docket Item 3. The Court granted Hunter's motion for service, contingent on her compliance with these directives. *Id.*

On January 29, 2020, Hunter moved to seal Exhibit "E." Docket Item 4. She also requested that this Court appoint counsel to represent C.W. Docket Item 5. And on January 30, 2020, she filed an amended complaint that complied with this Court's order and removed C.W. as a party to this action. Docket Item 6. The amended complaint does not include any of the exhibits attached to the original complaint.

Nevertheless, and in light of Hunter's *pro se* status, the Court construes the amended complaint as incorporating all exhibits ("A" through "G") that were attached to the original complaint.

## DISCUSSION

Hunter has asked this Court to appoint counsel for C.W. Docket Item 5. In deciding whether to appoint counsel, courts first assess the plaintiff's likelihood of success on the merits of his claim. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the claim meets this threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents[,] . . . the plaintiff's apparent ability to present the case[,] . . . whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination[,] . . . [and the plaintiff's] efforts to obtain counsel." *Id.*

This action was commenced only recently. The defendants have not yet answered the allegations in the amended complaint, so the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are Hunter's bare allegations. At this stage, the Court lacks sufficient information to consider the factors stated in *Hodge*. Hunter's request for the appointment of counsel therefore is denied as premature but without prejudice. Hunter may again request that this Court appoint counsel for C.W. at a later date. Alternatively, if Hunter secures counsel on her own, she may seek leave to amend her complaint to add C.W. as a party to this action.

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall file Hunter's amended complaint, Docket Item 6; and it is further

ORDERED that Hunter's request to file Exhibit "E" under seal, Docket Item 4, is GRANTED; and it is further

ORDERED that Hunter's request that this Court appoint counsel for C.W., Docket Item 5, is DENIED; and it is further

ORDERED that the Clerk of Court shall send to Hunter one Marshals Process Receipt and Return form ("USM-285 form") for each defendant and shall issue and send to Hunter a summons for each defendant;

ORDERED that upon receipt of the USM-285 forms and summonses, Hunter shall (1) pay the service fee of **$8.00 per summons and complaint** to the Marshals by money order or certified check and (2) provide the Marshals with all necessary papers for service, including (i) a copy of this order, (ii) a copy of the amended complaint, (iii) a copy of all Exhibits "A" through "G," (iv) one completed USM-285 form for each defendant, and (v) one summons issued by the Clerk of Court for each defendant; and it is further

ORDERED that upon receipt of the service fees and papers, the Marshals shall effect service of the summons and complaint upon the named defendants. **Hunter** is advised she **must effect service within 90 days of the date the summonses are issued.** It is Hunter's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request from this Court an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). If,

within 90 days of issuance of the summonses, Hunter has not made service or requested an extension of time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Hunter shall notify the Court if her address changes. The court may dismiss the action if Hunter fails to do so.

SO ORDERED.

Dated:   February ___, 2020
         Buffalo, New York

                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE