UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOMINIQUE HUNTER,

        Plaintiff,

    v.                                      20-CV-0018-LJV-MJR
                                                DECISION & ORDER

CHERYL MCMAHON, *et al.*,

        Defendants.

---

## INTRODUCTION

On January 30, 2020, the *pro se* plaintiff, Dominique Hunter, filed an amended complaint alleging various federal and state law claims arising from the removal of her minor child, C.W., from her care and the termination of her parental rights.[1]  Docket Item 6.

On April 14, 2020, defendants Niagara County Department of Social Services, Child Protective Services ("Niagara County CPS"), Assistant Public Defender Lawrence Lindsay,[2] Niagara County CPS Employee Cheryl McMahon, Niagara County, and

---

[1] Hunter initially brought claims on behalf of herself and C.W.  *See* Docket Item 1. Because "[a] non-attorney parent must be represented by counsel in bringing an action on behalf of . . . her child," this Court ordered Hunter either to remove C.W. as a party to the complaint or to obtain counsel for C.W.  Docket Item 3.  Hunter then filed the amended complaint without C.W. as a party.  Docket Item 6.  The amended complaint did not include any of the exhibits attached to the original complaint, but because of Hunter's *pro se* status, this Court construes the amended complaint as incorporating all exhibits attached to the original complaint.  *See* Docket Item 7.

[2] Hunter named Niagara County CPS as "Child Protective Services of Niagara County (CPS)" and Lindsay as "Court Assigned Counsel Lawrence Lindsay."  *See*

"Niagara County Clerk Employees (Names Unknown) Jane Doe and others" (together, the "county defendants") moved to dismiss the amended complaint. Docket Item 18. This Court then referred the matter to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 19. On May 6, 2020, defendants Thomas M. DiMillo, Acting Niagara Family Court Judge, and Kathleen Wojtaszek-Gariano, Niagara County Family Court Judge (the "judicial defendants"), also moved to dismiss the amended complaint. Docket Item 22. On June 4, 2020, Hunter responded to the motions to dismiss, Docket Item 25; on June 16, 2020, the judicial defendants replied, Docket Item 28; and on June 17, 2020, the county defendants replied, Docket Item 29.

Meanwhile, Hunter requested an extension of time to serve the remaining two defendants (and the only defendants who did not move to dismiss), Carol Henderson and Vanessa Guite, Docket Item 26, and Judge Roemer granted that request, Docket Item 30. On December 7, 2020, after the summonses were returned unexecuted as to Henderson and Guite, Hunter requested a second extension of time to serve them. Docket Item 33.

On February 22, 2021, Judge Roemer issued a Report and Recommendation ("R&R") finding that the county defendants' and the judicial defendants' motions to dismiss should be granted and that Hunter's second request for an extension of time to serve Henderson and Guite should be denied. Docket Item 34. On March 10, 2021,

---

Docket Item 6 at 1-2. The Clerk of the Court shall correct their names on the electronic docket.

Hunter objected to the R&R.[3]  Docket Item 35.  On March 25, 2021, the county defendants responded, Docket Item 37; on April 1, 2021, the judicial defendants responded, Docket Item 38; and on April 15, 2021, Hunter replied, Docket Item 39.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, responses, and reply; and the materials submitted to Judge Roemer.  Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to grant the county and judicial defendants' motions to dismiss and to deny Hunter's request for a second extension of time to serve Henderson and Guite.

## **DISCUSSION**

Hunter alleges that the defendants illegally removed C.W. from her custody and terminated her parental rights in an "extra-judicial conspiracy" to violate her parental rights and commit various torts against her.[4]  Docket Item 6 at 6-7.  She asks this Court

---

[3] The county defendants argue that this Court should not consider Hunter's objection because it is not specific and therefore does not comply with Local Rule of Civil Procedure 72(b).  Docket Item 37 at 4.  Because Hunter is proceeding *pro se*, the Court rejects the county defendants' request and liberally construes Hunter's objection to include each of the findings in the R&R.  *See Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (submissions of *pro se* litigants must be construed liberally and interpreted to raise the strongest arguments that they suggest).

[4] The Court assumes the reader's familiarity with the facts alleged in the amended complaint, *see* Docket Item 6, and Judge Roemer's analysis in the R&R, *see* Docket Item 34.

to issue a temporary restraining order and permanent injunction "requiring [the] defendants to promptly release [C.W.] from restraints and custody and to return [C.W.] home to [Hunter]"; an order requiring Niagara County CPS to expunge all records relating to Hunter and C.W.; an order prohibiting the defendants from retaliating against Hunter; and "two million dollars on each cause of action as compensatory damages[] and two million dollars on each cause of action as punitive damages." *Id.* at 7.

This Court, however, cannot order C.W.'s return or take any other action that would overturn the Family Court decisions removing C.W. and terminating Hunter's parental rights.  Federal courts are not courts of appeal for litigants unhappy with a state court decision.  In fact, as Judge Roemer correctly observed, the *Rooker-Feldman* doctrine precludes federal court jurisdiction over such matters.  *See* Docket Item 34 at 14; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923).  In other words, this Court does not have the power to do what Hunter asks it to do.

*Rooker-Feldman* applies when four factors are present:  (1) the federal-court plaintiff lost in state court, (2) the plaintiff seeks redress for injuries caused by the state court judgment, (3) the plaintiff seeks federal court review of the state court judgment, and (4) the state court judgment was issued before the federal action was filed. *Hoblock v. Albany Cty Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  This Court agrees with Judge Roemer that all four factors are met here.

Hunter "lost" in Family Court when Judge DiMillio issued a temporary removal order and when Judge Wojtaszek-Gariano terminated her parental rights.  Those Family

Court judgments were the vehicles by which Hunter claims she was injured. The remedies Hunter seeks—C.W.'s return, expungement of records, and money damages—would require this Court to review and reject the merits underlying the Family Court judgments. *See Lomnicki v. Cardinal McCloskey Servs.*, 2007 WL 2176059, at *5 (S.D.N.Y. July 26, 2007) ("[A p]laintiff does not avoid *Rooker-Feldman* by seeking damages instead of injunctive relief. In order to award damages to [the p]laintiff, the Court would have to review the decision of the Family Court."). Finally, the Family Court judgments were issued well before Hunter filed the instant lawsuit. *See* Docket Item 6 at 3-5.

Even if Hunter has not argued in a state court every issue that she now raises, *Rooker-Feldman* still bars this Court's jurisdiction over her claims. By asking this Court to return C.W. to her, and to award damages based on what the state court did, Hunter asks this Court to review and reject the decision to remove C.W. and terminate Hunter's parental rights. Hunter therefore explicitly attacks the Family Court judgments rendered against her. As Judge Roemer correctly explained,

> [Hunter's] allegations that [the] defendants engaged in an "extra[-]judicial conspiracy" to violate her civil rights and commit various torts against her are premised entirely upon [the] defendants' actions in the course of the underlying Family Court custody proceedings. Thus, these claims are, in fact, "inextricably intertwined" with the state court custody proceedings and judgment.

Docket Item 34 at 17.

This Court therefore agrees with Judge Roemer that "the *Rooker-Feldman* doctrine prohibits this Court from exercising subject matter jurisdiction over the claims in the amended complaint because those claims either already have been decided by the Family Court . . . or are 'inextricably intertwined' with the claims already decided by the

5

Family Court." *See id.* at 14.  The defendants' motions to dismiss therefore are granted.[5]

Because this Court lacks subject matter jurisdiction over Hunter's claims, it also agrees with Judge Roemer that leave to amend should be denied.  *See* Docket Item 34 at 37.  "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)).  "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.* (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Hunter says that if she is given leave to amend, she "can cure any alleged deficiencies in the [] complaint."  Docket Item 35 at 7.  Everything that Hunter asks of this Court, however, would require it to review and reject the Family Court judgments, something it does not have the power to do.  Indeed, the very essence of Hunter's

---

[5] This Court also agrees with Judge Roemer that there are other reasons why the complaint is subject to dismissal.  *See* Docket Item 34 at 18 (finding that even if the Court had jurisdiction, it should not exercise it under the domestic relations abstention doctrine); *id.* at 21 (finding that the judicial defendants have absolute immunity); *id.* at 23 (finding that Niagara County CPS cannot be sued); *id.* at 24, 30-34 (finding that Hunter failed to state a viable claim under 42 U.S.C. §§ 1983, 1985, and 1981); *id.* at 34 (finding that Hunter failed to state a viable search-and-seizure claim); *id.* at 35 (finding that Hunter's defamation, libel, and slander claims are barred by the applicable statute of limitations).  But because this Court lacks jurisdiction, it will not reach those issues.

claims is her unhappiness about what happened to her in state court: she seeks nothing other than relief, and damages deriving, from the Family Court judgments. Hunter's request to amend therefore is denied.

Finally, this Court agrees with Judge Roemer that Hunter's request for a second extension of time to serve Henderson and Guite should be denied as "futile." *See* Docket Item 34 at 4. A federal court is "obligated to consider *sua sponte*"—that is, on its own motion—whether it has jurisdiction over any case brought before it. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "Where jurisdiction is lacking, the district court must dismiss the [c]omplaint without regard to the merits of the lawsuit." *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996)). Because this Court does not have subject matter jurisdiction over Hunter's claims, the Court dismisses, *sua sponte*, the amended complaint against Henderson and Guite.

This Court does not doubt Hunter's unhappiness with being separated from C.W. or the difficulty that she has experienced because of that separation. And this Court understands the depth of the emotions that a parent might experience after being separated from a child. But this Court simply does not have jurisdiction—that is, the power—to review Hunter's claims no matter how unhappy she is or how strong her feelings are.

## **CONCLUSION**

For the reasons stated above and in the R&R, the defendants' motions to dismiss, Docket Items 18, 22, are GRANTED; Hunter's motion for an extension of time

to serve Henderson and Guite, Docket Item 33, is DENIED; the amended complaint, Docket Item 6, is DISMISSED; and the Clerk of the Court shall close the file.

SO ORDERED.


Dated: May 19, 2021
       Buffalo, New York


   /s/ Lawrence J. Vilardo
   LAWRENCE J. VILARDO
   UNITED STATES DISTRICT JUDGE